UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-CV-24265-JLK

JUNHAO SU,

    Plaintiff,

vs.

THE BOARD OF TRUSTEES OF FLORIDA
INTERNATIONAL UNIVERSITY, THE BOARD
OF TRUSTEES OF BOWLING GREEN STATE
UNIVERSITY, ROBERT E. LICKLITER, MARICEL
CIGALES, WILLIAM M. KURTINES, MARY J.
LEVITT, CRISTINA L. MENDOZA, BONNIE
BERGER, GEOFFREY A. MEEK, JULIE R.
LENGFEDLER, MODESTO A. MAIDIQUE,
and SEAN P. FITZGERALD,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE comes before the Court upon Defendant THE BOARD OF TRUSTEES OF FLORIDA INTERNATIONAL UNIVERSITY's Motion to Dismiss Amended Complaint (the "Motion") (DE 48), filed February 28, 2014. Therein, Defendant seeks the dismissal of Plaintiff's Amended Complaint (DE 44) as, *inter alia*, a shotgun pleading. The Court has also considered Plaintiff's Response in Opposition to the Motion to Dismiss (DE 54), in which Plaintiff argues that his Amended Complaint should not be dismissed because it substantially complies with the Federal Rules of Civil Procedure.

### PLEADING STANDARDS AND REQUIREMENTS

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ,

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Additionally, pleadings must comply with the form requirements of Rule 10, which provides, *inter alia*, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010).

While "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are], therefore, . . . liberally construed," a district court also has the inherent authority to demand repleader of a complaint that contains an inordinate amount of irrelevant factual matters, lumps defendants together, or consists of a shotgun pleading. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001). A "shotgun pleading" where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with pleading requirements. *See Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996). Additionally, even when a party is proceeding *pro se*, a court is not required to "accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party." *Campos v. Immigration & Naturalization Serv.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998).

## DISCUSSION

Plaintiff's Amended Complaint (the "Complaint") runs afoul of the pleading requirements discussed above. The allegations of the Complaint are confusing to the point of

2

incomprehensibility. The Complaint is seventy-six pages in length and contains sixty pages of general factual allegations which are divided across only thirty-eight numbered paragraphs. Every one of the numbered "paragraphs," many of which span several pages each: 1) addresses more than a single set of circumstances, 2) rambles through many irrelevant allegations in an oftentimes incomprehensible manner, 3) contains multiple levels and sub-levels,[1] and 4) are rife with conclusory allegations, unwarranted deductions, and mere legal conclusions. Additionally, the various counts of the Complaint are improperly numbered. Instead of numbering each count sequentially, the Complaint re-starts its numbering of the counts at "Count I" for each of the various Defendants. Finally, each of the counts contains internal references to numerous irrelevant or incomprehensible facts from the general allegations. Accordingly, the Court finds that Plaintiff has failed to provide a "short and plain statement of the claim" and that the Complaint ought to be dismissed without prejudice to Plaintiff to re-file an amended complaint which is in keeping with the pleading requirements discussed herein.

## CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED**, and **DECREED** that Defendant THE BOARD OF TRUSTEES OF FLORIDA INTERNATIONAL UNIVERSITY's Motion to Dismiss **(DE 48)** be, and the same is, hereby **GRANTED**. The Amended Complaint **(DE 44)** be, and the same is, hereby **DISMISSED WITHOUT PREJUDICE**. Should he so choose, Plaintiff may re-file an amended complaint which complies with federal pleading standards **within thirty (30) days** of the date of this Order.

---

[1] For instance, Paragraph 20 is six pages long and contains fifteen sub-sections, two of which are further subdivided. *See* DE 44 at 8-14.

3

**IT IS FURTHER ORDERED** and **ADJUDGED:**

- Defendant THE BOARD OF TRUSTEES OF BOWLING GREEN STATE UNIVERSITY's Motion to Dismiss **(DE 47)** be, and the same is, hereby **DENIED AS MOOT.**

- Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss **(DE 55)** be, and the same is, hereby **DENIED AS MOOT.**

- Defendant THE BOARD OF TRUSTEES OF FLORIDA INTERNATIONAL UNIVERSITY's Motion for Extension of Time to Reply in Support of its Motion to Dismiss **(DE 57)** be, and the same is, hereby **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of April, 2014.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:**   All counsel of record.
    Junhao Su, *pro se*.