UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-CV-24265-JLK

JUNHAO SU,

    Plaintiff,

vs.

THE BOARD OF TRUSTEES OF FLORIDA
INTERNATIONAL UNIVERSITY, THE BOARD
OF TRUSTEES OF BOWLING GREEN STATE
UNIVERSITY, ROBERT E. LICKLITER, MARICEL
CIGALES, WILLIAM M. KURTINES, MARY J.
LEVITT, CRISTINA L. MENDOZA, BONNIE
BERGER, GEOFFREY A. MEEK, JULIE R.
LENGFEDLER, MODESTO A. MAIDIQUE,
and SEAN P. FITZGERALD,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon Defendants BONNIE G. BERGER, GEOFFREY A. MEEK, and JULIE R. LENGFELDER's Motion to Dismiss Third Amended Complaint and Incorporated Memorandum of Law (DE 98), filed on May 16, 2014; Defendant THE BOARD OF TRUSTEES OF FLORIDA INTERNATIONAL UNIVERSITY's Motion to Dismiss Third Amended Complaint (DE 99), filed May 19, 2014; Defendant MARY J. LEVITT's Motion to Dismiss and Incorporated memorandum of Law (DE 100), filed on May 19, 2014; and Defendants CHRISTINA L. MENDOZA, WILLIAM M. KURTINES, MARICEL CIGALES, MODESTO A. MAIDIQUE, and ROBERT E. LICKLITER's respective Motions to Dismiss and Incorporated Memoranda of Law (DE 130, 131, 132, 133, and 134), each of which was filed on September 29, 2014. The grounds for dismissal raised in each motion vary to some

extent, but each raises the failure of the Third Amended Complaint (DE 91) to comply with federal pleading standards. The Court has also considered Plaintiff's responses in opposition to Defendants Bonnie Berger, Geoffrey Meek, Julie Lengfelder, the Board of Trustees of Florida International University, and Mary Levitt's respective motions to dismiss.[1] DE 115, 116, and 117.

## PLEADING STANDARDS AND REQUIREMENTS

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Additionally, pleadings must comply with the form requirements of Rule 10, which provides, *inter alia*, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010).

While "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are], therefore, . . . liberally construed," a district court also has the inherent authority to demand repleader of a complaint that contains an inordinate amount of irrelevant factual matters, lumps defendants together, or consists of a shotgun pleading. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001). A "shotgun pleading" where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with

---

[1] Plaintiff failed to respond to Defendants Christina Mendoza, William Kurtines, Maricel Cigales, Modesto Maidique, and Robert Lickliter's respective motions to dismiss.

pleading requirements. *See Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996). Additionally, even when a party is proceeding *pro se*, a court is not required to "accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party." *Campos v. Immigration & Naturalization Serv.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998).

## DISCUSSION

Plaintiff's Third Amended Complaint (the "Complaint"), much like his Second Amended Complaint (DE 44), runs afoul of the pleading requirements discussed above. The allegations of the Complaint remain confusing to the point of incomprehensibility. *See* Order of Dismissal Without Prejudice, DE 59 at 3. The forty-one count, fifty-seven page, 657-paragraph Complaint is littered with conclusory allegations, unwarranted deductions, and mere legal conclusions. *See generally* DE 91. Moreover, the allegations related to each count of the complaint follow no discernible chronological or other logical order. *See, e.g., id.* at 3-6, 9-11, 14-16. Finally, while the Complaint attempts to state claims for violations of Plaintiff's civil rights, nowhere in the Complaint does Plaintiff actually identify any particular constitutional right which has been violated.[2] In sum, the way the Complaint is drafted makes it impossible for the defendants to know what Plaintiff is claiming, and on what grounds those claims are based. Given that Plaintiff has now failed to properly frame his claims for the fourth time, the Court finds that this case must be dismissed with prejudice. *See Peavey v. Black*, 476 F. App'x 697, 699 (11th Cir. 2012).

---

[2] The Complaint merely makes vague assertions related to "due process," the "14th amendment," and Plaintiff's "liberty interest."

3

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED**, and **DECREED**:

1. Defendant BONNIE G. BERGER, GEOFFREY A. MEEK, and JULIE R. LENGFELDER's Motion to Dismiss Third Amended Complaint and Incorporated Memorandum of Law **(DE 98)** be, and the same is, hereby **GRANTED**;

2. Defendant THE BOARD OF TRUSTEES OF FLORIDA INTERNATIONAL UNIVERSITY's Motion to Dismiss Third Amended Complaint **(DE 99)** be, and the same is, hereby **GRANTED**;

3. Defendant MARY J. LEVITT's Motion to Dismiss and Incorporated memorandum of Law **(DE 100)** be, and the same is, hereby **GRANTED**;

4. Defendant CHRISTINA L. MENDOZA's Motion to Dismiss and Incorporated Memorandum of Law **(DE 130)** be, and the same is, hereby **GRANTED**;

5. Defendant WILLIAM M. KURTINES' Motion to Dismiss and Incorporated Memorandum of Law **(DE 131)** be, and the same is, hereby **GRANTED**;

6. Defendant MARICEL CIGALES' Motion to Dismiss and Incorporated Memorandum of Law **(DE 132)** be, and the same is, hereby **GRANTED**;

7. Defendant MODESTO A. MAIDIQUE's Motion to Dismiss and Incorporated Memorandum of Law **(DE 133)** be, and the same is, hereby **GRANTED**;

8. Defendant ROBERT E. LICKLITER's Motion to Dismiss and Incorporated Memorandum of Law **(DE 134)** be, and the same is, hereby **GRANTED**;

9. Plaintiff's Third Amended Complaint **(DE 91)** be, and the same is, hereby **DISMISSED WITH PREJUDICE**;

10. the Clerk of Court shall **CLOSE** this case; and

11. all pending motions are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of October, 2014.

```
_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA
```

cc:   All counsel of record.
      Junhao Su, *pro se*.